PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
990 Marsh Road
Menlo Park, California 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Defendant*
WAVE COMPUTING, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| COMPLEX MEMORY LLC, <br><br> Plaintiff, <br><br> v. <br><br> WAVE COMPUTING, INC., <br><br> Defendant. | Case No.: 4:19-CV-04239-JST <br><br> **DEFENDANT WAVE COMPUTING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLEX MEMORY LLC'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant Wave Computing, Inc. ("Wave Computing"), through its undersigned counsel, hereby answers the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Complex Memory LLC ("Plaintiff") as follows. Wave Computing denies all allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

## THE PARTIES

1. Wave Computing lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, therefore, denies the same.

2. Wave Computing admits the allegations of paragraph 2.

## JURISDICTION AND VENUE

3. Wave Computing admits that Plaintiff purports to plead claims arising under the Patent Act of the United States, 35 U.S.C. 101, *et seq.,* but denies that such claims have merit.

4. Wave Computing admits that this Court has jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338, but denies that it has committed any acts of infringement in this district or any other.

5. Wave Computing admits that the Court has personal jurisdiction over Wave Computing based solely on the fact that Wave Computing has its headquarters in this District. Wave Computing denies the remaining allegations in paragraph 5.

6. Wave Computing admits that venue in this district is proper for the purposes of this case only, but denies that it has committed any acts of infringement in this district or any other.

## BACKGROUND

7. Wave Computing admits that U.S. Patent 8,140,872 ("the '872 patent"), entitled "Restoring Processor Context In Response To Processor Power-Up" bears the date March 20, 2012. Wave Computing admits that a copy of what purports to be the '872 patent is attached to the Complaint as Exhibit A. Wave Computing otherwise denies the remaining allegations in paragraph 7.

8. Wave Computing admits that U.S. Patent 6,658,576 ("the '576 patent"), entitled "Energy-Conserving Communication Apparatus Selectively Switching Between A Main Processor With Main Operating Instructions And Keep-Alive Processor With Keep-Alive Operating Instruction"

bears the date December 2, 2003. Wave Computing admits that a copy of what purports to be the '576 Patent is attached to the Complaint as Exhibit B.  Wave Computing otherwise denies the remaining allegations in paragraph 8.

9. Wave Computing lacks knowledge to admit or deny the allegations of paragraph 9 and therefore denies these allegations.

## NOTICE

10. The corresponding paragraph contains a conclusion of law to which no response is required. To the extent that a response is required, Wave Computing denies the allegations of paragraph 10.

## COUNT I: INFRINGEMENT OF THE '872 PATENT

11. Wave Computing incorporates by reference its responses to the preceding paragraphs of the Complaint.

12. Wave Computing denies the allegations of paragraph 12.

13. Wave Computing denies the allegations of paragraph 13.

14. Wave Computing denies the allegations of paragraph 14.

15. Wave Computing denies the allegations of paragraph 15.

## COUNT II: INFRINGEMENT OF THE '576 PATENT

16. Wave Computing incorporates by reference its responses to the preceding paragraphs of the Complaint.

17. Wave Computing denies the allegations of paragraph 17.

18. Wave Computing denies the allegations of paragraph 18.

19. Wave Computing denies the allegations of paragraph 19.

20. Wave Computing denies the allegations of paragraph 20.

## AFFIRMATIVE DEFENSES

Wave Computing asserts the following affirmative defenses without admitting or acknowledging that it bears the burden of proof as to any of them.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Complaint fails to state claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

Wave computing does not infringe, directly or indirectly, literally or under the doctrine of equivalents, nor do they induce infringement of any claim of the '872 patent or the '576 patent.

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity)**

Each and every claim for the '872 patent and the '576 patent is invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability, including but not limited to inventorship, utility, novelty, non-obviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mark)**

To the extent that Plaintiff, its alleged predecessors in interest to the '872 and '576 patents, and any and all licensees of the '872 and '576 patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Wave Computing's actions allegedly infringed the '872 and '576 patents, Wave Computing is not liable to Plaintiff for the acts alleged to have been performed before they received actual notice that they were allegedly infringing the '872 and '576 patents.

**FIFTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

By reason of proceedings in the United States Patent and Trademark Office, Plaintiff's claims of infringement of the '872 patent and '576 patent are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications.

## SIXTH AFFIRMATIVE DEFENSE

**(Limitation of Damages and Costs)**

Plaintiff's claim for damages and costs under Title 35 of the United States Code are limited, in whole or in part, by one or more of 35 U.S.C. §§ 286, 287, and 288.

## OTHER AFFIRMATIVE DEFENSES

Wave Computing reserves the right to assert additional affirmative defense during or upon completion of discovery.

## COUNTER CLAIMS

Wave Computing alleges the following counterclaims against Plaintiff and counter-defendant Complex Memory LLC. ("Counterdefendant"):

## THE PARTIES

1. Wave Computing is a limited liability company registered under the laws of the State of Delaware with its principal place of business at 300 Orchard City Drive, Suite #170 Campbell, CA 95008.

2. On information and belief, Counterdefendant is a limited liability company organized under the laws of the State of Texas with its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties that the patents asserted by Counterdefendant are invalid, not infringed, and unenforceable. In view of the filing by Counterdefendant of its Complaint for infringement of the '872 and '576 patents, and in view of Wave Computing's defenses to the Complaint, there exists an actual and justiciable controversy between the parties regarding the invalidity, unenforceability, and alleged non-infringement of these patents.

4. This Court has Subject Matter Jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. § 1, *et seq.*

5.  Counterdefendant has submitted to the personal jurisdiction of this Court.

6.  Venue is proper in this district for the purpose of compulsory counterclaims pursuant to 28 U.S.C. § 1391(b), (c). Venue is also proper pursuant to 28 U.S.C. §§ 1391(b) and (d) and 1400(b) because the various acts and transactions constituting at least a substantial portion of some of the counterclaims arose in this judicial district.

## COUNTERCLAIM 1

**(Declaratory Judgment of Non-Infringement of the '576 Patent)**

7.  Wave Computing incorporates by reference paragraphs 1-20 of its Answer, each Affirmative Defense asserted, and paragraphs 1-6 of its Counterclaims as if fully set forth herein.

8.  In its Complaint, Counterdefendant asserts that Wave Computing has infringed the '576 patent.

9.  Wave Computing denies these claims of infringement of the '576 patent and maintains that it has not and does not infringe any valid or enforceable claim of the '576 patent either directly or indirectly, literally or under the doctrine of equivalents, nor has Wave Computing induced infringement of any kind.

10. Upon information and belief, Counterdefendant commenced action against Wave Computing with knowledge that the business practices of Wave Computing do not infringe the '576 patent either directly or indirectly, nor do they induce infringement of a third party.

11. An actual and justiciable controversy has thus arisen between Wave Computing and Counterdefendant concerning the alleged infringement of the '576 patent.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* Wave Computing is entitled to judgment from this Court that the '576 patent is not infringed, directly or indirectly, by Wave Computing.

13. Counterdefendant's allegations render this case an exceptional one, and Wave Computing is entitled to an award of its reasonable attorney fees under 35 U.S.C. § 285.

**COUNTERCLAIM 2**

**(Declaratory Judgment of Non-Infringement of the '872 Patent)**

14. Wave Computing incorporates by reference paragraphs 1-20 of its Answer, each Affirmative Defense asserted, and paragraphs 1-13 of its Counterclaims as if fully set forth herein.

15. In its Complaint, Counterdefendant asserts that Wave Computing has infringed the '872 patent.

16. Wave Computing denies such claims of infringement of the '872 patent and maintains that it has not and does not infringe any valid or enforceable claim of the '872 patent either directly or indirectly, literally or under the doctrine of equivalents, nor has Wave Computing induced infringement of any kind.

17. Upon information and belief, Counterdefendant commenced action against Wave Computing with knowledge that the business practices of Wave Computing do not infringe the '872 patent either directly or indirectly, nor do they induce infringement of a third party.

18. An actual and justiciable controversy has thus arisen between Wave Computing and Counterdefendant concerning the alleged infringement of the '872 patent.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* Wave Computing is entitled to judgment from this Court that the '872 patent is not infringed, directly or indirectly, by Wave Computing.

20. Counterdefendant's allegations render this case an exceptional one, and Wave Computing is entitled to an award of its reasonable attorney fees under 35 U.S.C. § 285.

**COUNTERCLAIM 3**

**(Declaratory Judgment of Invalidity of the '576 Patent)**

21. Wave Computing incorporates by reference paragraphs 1-20 of its Answer, each Affirmative Defense asserted, and paragraphs 1-20 of its Counterclaims as if fully set forth herein.

22. In its Complaint, Counterdefendant asserted that the '576 patent is valid. Wave Computing denies this allegation and alleges, on information and belief, that the claims of the '576 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

23. As such, an actual and justiciable controversy has arisen between Wave Computing and Counterdefendant concerning the invalidity of the '576 patent.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Wave Computing is entitled to judgment from this Court that the '576 patent is invalid pursuant to 35 U.S.C. §§ 102, 103, and/or 112.

25. Counterdefendant's allegations render this case an exceptional one, and Wave Computing is entitled to an award of its reasonable attorney fees under 35 U.S.C. § 285.

## COUNTERCLAIM 4

**(Declaratory Judgment of Invalidity of the '872 Patent)**

26. Wave Computing incorporates by reference paragraphs 1-20 of its Answer, each Affirmative Defense asserted, and paragraphs 1-25 of its Counterclaims as if fully set forth herein.

27. In its Complaint, Counterdefendant asserted that the '872 patent is valid. Wave Computing denies this allegation and alleges, on information and belief, that the '872 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

28. As such, an actual and justiciable controversy has arisen between Wave Computing and Counterdefendant concerning the invalidity of the '872 patent.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* Wave Computing is entitled to judgment from this Court that the '872 patent is invalid pursuant to 35 U.S.C. §§ 102, 103, and/or 112.

30. Counterdefendant's allegations render this case an exceptional one, and Wave Computing is entitled to an award of its reasonable attorney fees under 35 U.S.C. § 285.

## COUNTERCLAIM 5

**(Declaratory Judgment of Unenforceability of the '576 Patent)**

31. Wave Computing incorporates by reference paragraphs 1-20 of its Answer, each Affirmative Defense asserted, and paragraphs 1-30 of its Counterclaims as if fully set forth herein.

WAVE COMPUTING, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

CASE NO. 4:19-cv-04239-JST

32. In its Complaint, Counterdefendant asserted that the '576 patent is enforceable and valid. Wave Computing denies this allegation and alleges, on information and belief, that the '576 patent is unenforceable and invalid under 35 U.S.C. § 101.

33. As such, an actual and justiciable controversy has arisen between Wave Computing and Counterdefendant concerning the invalidity of the '576 patent.

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Wave Computing is entitled to judgment from this Court that the '576 patent is unenforceable and invalid pursuant to 35 U.S.C. § 101.

35. Counterdefendant's allegations render this case an exceptional one, and Wave Computing is entitled to an award of its reasonable attorney fees under 35 U.S.C. § 285.

## COUNTERCLAIM 6

### (Declaratory Judgment of Unenforceability of the '872 Patent)

36. Wave Computing incorporates by reference paragraphs 1-20 of its Answer, each Affirmative Defense asserted, and paragraphs 1-35 of its Counterclaims as if fully set forth herein.

37. In its Complaint, Counterdefendant asserted that the '872 patent is enforceable and valid. Wave Computing denies this allegation and alleges, on information and belief, that the '872 patent is unenforceable and invalid under 35 U.S.C. § 101.

38. As such, an actual and justiciable controversy has arisen between Wave Computing and Counterdefendant concerning the unenforceability and invalidity of the '872 patent.

39. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Wave Computing is entitled to judgment from this Court that the '872 patent is unenforceable and invalid pursuant to 35 U.S.C. § 101.

40. Counterdefendant's allegations render this case an exceptional one, and Wave Computing is entitled to an award of its reasonable attorney fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Wave Computing requests that this Court enter judgment for Wave Computing and award it the following relief:

A. Dismiss the Complaint with prejudice and find that Plaintiff takes nothing by its claims against Wave Computing;

B. Enter judgment in favor of Wave Computing, and against Plaintiff, on the Complaint;

C. Declare that Wave Computing has not infringed nor induced the infringement of the '576 patent or the '872 patent or any valid asserted claim therein;

D. Declare that the claims of the '576 patent and '872 patent are invalid and unenforceable;

E. Declare this an exceptional case in favor of Wave Computing;

F. Award Wave Computing its attorneys' fees, expenses, and costs incurred in this action pursuant to 35 U.S.C. § 285; and

G. Grant Wave Computing such other and further relief as the Court deems just or equitable under the circumstances.

Respectfully submitted,

DATED:  September 20, 2019

By: _/s/ James Hannah_____
Paul J. Andre (State Bar No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
Kristopher Kastens (State Bar No. 254797)
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

*Attorneys for Defendant*
WAVE COMPUTING, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Wave Computing demands a jury trial on all issues so triable.

Respectfully submitted,

DATED: September 20, 2019

By: */s/ James Hannah*
Paul J. Andre (State Bar No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
Kristopher Kastens (State Bar No. 254797)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

*Attorneys for Defendant*
WAVE COMPUTING, INC.