Dmitry Kheyfits (SBN 321326)
dkheyfits@kblit.com
KHEYFITS BELENKY LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: 415-429-1739
Fax: 415-429-6347

Hanna G. Cohen (admitted *pro hac vice*)
hgcohen@kblit.com
KHEYFITS BELENKY LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Tel: 212-203-5399
Fax: 212-203-6445

*Attorneys for Plaintiff*
*Complex Memory LLC*

PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Wave Computing, Inc*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPLEX MEMORY LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>WAVE COMPUTING, INC.,<br><br>　　　　　　　　　Defendant | **Case No.: 4:19-cv-4239-JST**<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's August 14, 2019 order, counsel for Plaintiff Complex Memory LLC ("Complex Memory") and Defendant Wave Computing, Inc. ("Wave" or "Defendant"), having met and conferred as required under Fed. R. Civ. P. 26(f) and this Court's Local Rules, jointly submit this Joint Case Management Statement.

Joint Case Management Statement　　　　　　　1　　　　　　　Case No. 4:19-cv-4239-JST

1.  **JURISDICTION AND SERVICE**

This is an action for patent infringement arising under 35 U.S.C. §1 *et seq*. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and/or 1400(b). No issues exist regarding personal jurisdiction or service.

2.  **FACTS**

   A. **Nature of the Action**

   This is a patent infringement action involving two U.S. patents (collectively referred to as the "Patents-in-Suit") identified below:

   - U.S. Patent No. 6,658,576 ("the '576 Patent"), entitled "Energy-Conserving Communication Apparatus Selectively Switching Between A Main Processor With Main Operating Instructions And Keep-Alive Processor With Keep-Alive Operating Instruction;" and

   - U.S. Patent No. 8,140,872 ("the '872 Patent"), entitled "Restoring Processor Context In Response To Processor Power-Up."

   B. **Plaintiff's Contentions:**

   Complex Memory alleges that various Wave products, such as MIPS interAptiv, proAptiv, microAptiv, M-Class M51xx, M-Class M62xx, P5600, and P6600 processing systems, and development boards incorporating the above-mentioned processing systems, infringe the Patents-in-Suit. Complex Memory seeks a reasonable royalty for Wave's infringement of the Patents-in-Suit.

   C. **Defendant's Contentions:**

   Complex Memory filed its complaint in this action on July 23, 2019 alleging infringement of '576 and '872 patents by Wave. (Dkt. No. 1). On September 20, 2019 Wave filed its answer, affirmative defenses and counter claims in response to Complex Memory's complaint. (Dkt. No. 17). Wave asserted six affirmative defenses in its answer. First Complex

Memory has failed to state a claim upon which any relief may be granted.  Second, Wave asserts non-infringement of any Patent-in-Suit.  Third, each and every claim for the Patents-in-Suit is invalid and/or unenforceable.  Fourth, Complex Memory and/or their predecessors/licensees of the Patents-in-Suit has failed to properly mark any of their relevant products.  Fifth, Wave's claims of infringement of the Patents-in-Suit are barred by the doctrine of prosecution history estoppel.  Finally, Wave's claim for damages and costs are limited in whole or in part.

Additionally, Wave alleges six counterclaims. Counterclaim one requests the court declare a judgment of non-infringement of the '572 patent, in favor of Wave.  Counterclaim two requests the court declare a judgment of non-infringement of the '872 patent in favor of Wave.  Counterclaim three requests the court declare the '576 patent invalid under 35 U.S.C. § 102, 103, and/or 112.  Counterclaim four requests the court declare the '872 patent invalid under 35 U.S.C. § 102, 103, and/or 112.  Counterclaim five requests the court declare the '576 patent unenforceable and invalid pursuant to 35 U.S.C. § 101.  Counterclaim six requests the court declare the '872 patent invalid pursuant to 35 U.S.C. § 101.  Finally, Wave requests the court declare this an exceptional case and award Wave its attorney's fees, expenses, and costs incurred pursuant to 35 U.S.C. § 285.

On October 1, 2019 Complex Memory filed its answer to Wave's counterclaims.  (Dkt. No. 18).

D. **Factual Issues in Dispute**

At this time, the parties understand that the principal disputed factual issues will relate to:

- Whether Wave has and/or continues to infringe the Patents-in-Suit;

- Whether the Patents-in-Suit are invalid and unenforceable pursuant to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116;

Joint Case Management Statement            3            Case No. 4:19-cv-4239-JST

- Whether Complex Memory failed to properly, or was required to, mark any products under 35 U.S.C. § 287;

- Whether Complex Memory's claims of infringement of the Patents-in-Suit are barred by the doctrine of prosecution history estoppel;

- Whether there exists a limitation of Complex Memory's claim for damages and costs, in whole or in part, under 35 U.S.C. §§ 286, 287, and 288.

3. **LEGAL ISSUES**

The legal issues in dispute include:

1. The proper construction of any disputed claim terms of the Patents-in-Suit;

2. Whether Wave infringes any or all of the Patents-in-Suit;

3. Whether any or all of the Patents-in-Suit are invalid and/or unenforceable under 35 U.S.C. §§ 101, 102, 103, 112, and/or 116;

4. Whether Plaintiff's claims are barred, in whole or in part, by any defense raised by Wave; and

5. Whether the Plaintiff and/or its predecessors in interest and licensees of the Patents-in-Suit failed to properly, or were required to, mark any of the relevant products under 35 U.S.C. § 287;

6. Whether this case is exceptional pursuant to 35 U.S.C. § 285.

4. **MOTIONS**

(a) Pending Motions: At this time, no motions are pending.

(b) Anticipated Motions: Wave anticipates moving for summary judgement and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

5. **AMENDMENT OF PLEADINGS**

On December 4, 2019, Wave for the first time identified MIPS Technologies, Inc. ("MIPS") as an interested party in this action (Dkt. No. 22). According to California Secretary of State records, however, MIPS Technologies, Inc. filed a Certificate of Surrender of Right to Transact Intrastate Business in California on May 14, 2014, while apparently retaining an office address in Santa Clara. Based on Wave's identification of MIPS, and corresponding technical documents, Complex Memory intends to amend the complaint to include MIPS as a Defendant in this action.

The parties propose March 30, 2020 as the deadline for amending the pleadings without leave of the Court. The parties may still amend the pleading upon a showing of good cause after this date.

**6.   EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and have met and conferred regarding reasonable and proportionate steps that the parties agree to take to preserve evidence relevant to the issues reasonably evident in this action.

**7.   DISCLOSURES**

The parties have agreed to exchange initial disclosures pursuant to Rule 26(f) on December 17, 2019.

**8.   DISCOVERY**

   **A.  Scope of Anticipated Discovery**

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including related, ancillary, and subsidiary factual and legal issues and matters.

   **B.  Discovery to Date**

Joint Case Management Statement                5                Case No. 4:19-cv-4239-JST

The parties have not served any discovery to date.

C. **Report on Stipulated E-Discovery Order**

The parties have reviewed the Northern District of California's Model Stipulation and Order Re: Discovery of Electronically Stored Information for Patent Litigation. The parties plan to exchange any proposed modifications to this model stipulation with the goal of jointly submitting a stipulation to the Court (or competing proposals in the absence of an agreement) within sixty (60) days after the Case Management Conference.

D. **Stipulated Protective Order:**

The parties are in the process of negotiating the terms of a stipulated protective order based on the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. The parties plan to exchange proposed modifications to this model order with the goal of jointly submitting a stipulation to the Court (or competing proposals in the absence of an agreement) within sixty (60) days after the Case Management Conference.

E. **Discovery Plan/Changes to Discovery Limitations**

At this time, the parties agree to the following limits on discovery. However, both parties reserve the right to challenge unreasonably burdensome discovery requests, regardless of whether they fall within the limits described below. Both parties also reserve the right to seek leave, upon a showing of good cause, to obtain additional discovery beyond the limits described in this section. In the event that either party later wishes to modify or deviate from the limits discussed below, the parties agree to meet and confer in good faith in an attempt to resolve the issue without Court intervention.

1. **Interrogatories:**

Each side will be permitted to propound twenty-five (25) interrogatories to the other side. "Side," means a party or a group of parties with a common interest.

2. **Requests for Admission:**

Each side may propound up to forty (40) requests for admission to the other side.

3. **Depositions:**

Fact Depositions: The parties agree that each side is limited to 54 hours of deposition time for fact depositions, including individual and Rule 30(b)(6) depositions of the party as well as third party depositions. Expert depositions will not count toward these limits.

The parties agree that individual depositions are limited to 7 hours of deposition time. While the 7 hour per witness limit does not apply to Rule 30(b)(6) witnesses, each deposition day will be limited to 7 hours.

If an interpreter is necessary for a deposition, that witness may be deposed for an additional amount of time ("Additional Amount of Time") up to one-half of the interpreted portion of the deposition, but such deposition may not exceed ten (10) hours in one day, absent agreement of the parties. The Additional Amount of Time will not count toward the maximum permitted.

Expert Depositions: An expert witness may be deposed for up to 7 hours for each expert report submitted by that expert, provided, however, the expert report is limited to one issue, such as infringement, damages, or invalidity. To the extent more than one issue of this type is provided within an expert report, the parties shall meet and confer to discuss what additional time, if any, is necessary to cover the information in the report. If any expert submits a supplemental report, the parties will meet and confer to discuss what additional deposition time, if any, is necessary to cover the information contained in the supplemental report. Nothing in the foregoing sentence is intended to alter the requirements governing supplemental expert disclosures set forth in the Federal Rules of Civil Procedure.

Joint Case Management Statement         7         Case No. 4:19-cv-4239-JST

**4. Service**

The parties agree that service via email constitutes personal service pursuant to Rule 5(b)(2)(E). Documents served on a party shall be emailed to all attorneys of record for that party.

**F. PRIVILEGE**

The parties agree upon issues concerning claims of privilege, work product, and other applicable privileges or immunities, including a protocol regarding logging documents containing such information. The parties agree to negotiate a mutually agreeable deadline for the exchange of their privilege logs.

The parties agree that (i) privileged or protected documents created on or after the commencement of this action, and (ii) privileged or protected documents exchanged between a party to this matter and its litigation counsel that has appeared in this case, need not be included on any privilege log except as otherwise agreed to by the parties or ordered by the Court. In accordance with rule 4.4 of the California Rules of Professional Conduct, any inadvertently sent or produced privileged or protected document that is reasonably apparent to the receiving lawyer shall not be examined any more than is necessary to determine it is privileged or protected work product and the receiving party shall promptly notify the sender.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

No other cases involving the Patents-in-Suit are pending.

**11. RELIEF**

Complex Memory seeks damages adequate to compensate it for Wave's infringement of the Patents-in-Suit, in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in accordance with 35 U.S.C. § 284. Complex Memory is unable to

make an estimate of the damages range expected because Wave has not yet responded to Complex Memory's written discovery (to be propounded) and produced the underlying documents, including, non-public information on sales volumes, revenues, profits, comparable licenses, the effect that sales of the accused products had on Wave's other products, and the emphasis and importance that Wave placed on the patented features. Complex Memory will provide more detailed damages contentions in accordance with the April 10, 2020 deadline set forth in the proposed case schedule in section 17 below.

Wave seeks entry of a judgement dismissing the case with prejudice in its favor on Complex Memory's claims against Wave for patent infringement. Additionally, Wave requests a declaration that Wave has not infringed nor induced infringement of the Patents-in-Suit; a declaration that the asserted claims of the Patents-in-Suit are invalid and unenforceable; a declaration the case exceptional in favor of Wave. Finally, Wave seeks a judgement awarding Wave its attorneys' fees, expenses, and costs incurred pursuant to 35 U.S.C. § 285.

### 12. SETTLEMENT AND ADR

Complex Memory has made an opening settlement offer to Wave.

The parties have discussed ADR options and agree to participate in private mediation.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Complex Memory has consented to magistrate judge jurisdiction for all further proceedings. Wave did not consent to magistrate judge jurisdiction.

### 14. OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. NARROWING OF ISSUES

The parties have conferred regarding the potential narrowing of issues, and propose that: (1) by February 28, 2020 Complex Memory will reduce the number of asserted claims to fifteen (15) total claims; and (2) by March 11, 2020 Wave will reduce the number of asserted prior art references to twenty (20) total references.

### 16. EXPEDITED TRIAL PROCEDURE

The parties agree that this case cannot be handled under the Expedited Trial Procedure of General Order No. 64.

### 17. SCHEDULING

The parties propose the following schedule:

| Event | Proposed Dates |
|---|---|
| Initial Disclosures | December 17, 2019 |
| Initial Case Management Conference | December 17, 2019 |
| Patent L.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions | January 2, 2020 |
| Patent L.R. 3-2 Document Production Accompanying Disclosures | January 2, 2020 |
| Patent L.R. 3-3 Invalidity Contentions | February 18, 2020 |
| Patent L.R. 3-4 Document Production Accompanying Invalidity Contentions | February 18, 2020 |
| Patent L.R. 4-1 Exchange Terms for Construction | February 25, 2020 |
| Deadline for Amending Pleadings without leave of Court | March 30, 2020 |
| Patent L.R. 4-2 Exchange Preliminary Constructions and Extrinsic Evidence | March 17, 2020 |
| Patent L.R. 3-8 Damages Contentions | April 10, 2020 |
| Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement | April 20, 2020 |
| Patent L.R. 3-9 Responsive Damages Contentions | May 11, 2020 |
| Patent L.R. 4-4 Completion of Claim Construction Discovery | May 20, 2020 |
| Patent L.R. 4-5(a) Plaintiff's Opening Claim Construction Brief | June 4, 2020 |
| Patent L.R. 4-5(b) Defendants' Responsive Claim Construction Brief | June 18, 2020 |
| Patent L.R. 4-5(c) Plaintiff's Reply Brief | June 25, 2020 |
| Deadline for Parties to Amend Pleadings to Add Parties or Claims, Absent Good Cause | |
| Patent L.R. 4-6 Claim Construction Hearing and Tutorial | July 9, 2020 |

| Event | Proposed Dates |
|---|---|
| Patent L.R. 3-7 Disclosures | August 10, 2020 |
| Completion of Fact Discovery | |
| Opening Expert Report on Issues as to which Party Bears the Burden of Proof | |
| Responsive Expert Reports | |
| Rebuttal Expert Reports | |
| Completion of Expert Discovery | |
| Deadline to File Dispositive Motions | |
| Deadline to File Responsive Briefs to Dispositive Motions | |
| Deadline to File Reply Briefs to Dispositive Motions | |
| Joint Trial Setting Conference Statement | |
| Trial Setting Conference | Subject to the Court's calendar |

### 18. TRIAL

Complex Memory submits that trial in this case should take approximately 5 court days. Wave submits that the trial in this case should take approximately 7 court days.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Both parties have filed a Certificate of Interested Entities or Persons.

**Complex Memory's Restatement**

Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Intellectual Ventures Assets 40, LLC

Intellectual Ventures Assets 41, LLC

Invention Investment Fund I LP

Invention Investment Fund II LLC

IP Valuation Partners, LLC

Adam Baumli

There are no publicly held corporations that own 10% or more of Plaintiff Complex Memory LLC.

**Wave's Restatement**

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

20. **PROFESSIONAL CONDUCT**

All attorneys of records for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  December 10, 2019, 2019            Respectfully submitted,

                                               */s/ Dmitry Kheyfits*
Dmitry Kheyfits (SBN 321326)
dkheyfits@kblit.com
KHEYFITS BELENKY LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: 415-429-1739
Fax: 415-429-6347

Hanna G. Cohen (admitted *pro hac vice*)
hgcohen@kblit.com
KHEYFITS BELENKY LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Tel: 212-203-5399
Fax: 212-203-6445

*Attorneys for Plaintiff*
*Computer Circuit Operations, LLC*

Respectfully submitted,

Dated:  December 10, 2019            By:  */s/ James Hannah*
Paul J. Andre (SBN 196585)
Lisa Kobialka (SBN 191404)
James Hannah (SBN 237978)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025

Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys* for *Defendant*
WAVE COMPUTING, INC.

Joint Case Management Statement    13    Case No. 4:19-cv-4239-JST

## ATTESTATION OF FILER

I, Dmitry Kheyfits, am the ECF user whose ID and password are being used to file this Joint Case Management Statement. In compliance with Civil Local Rule 5- 1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

Dated: December 10, 2019			By:	/s/ Dmitry Kheyfits
						Dmitry Kheyfits